**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHERI RASBURY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-2664 |
| | § | |
| WAL-MART STORES, INC. | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Cheri Rasbury sued Wal-Mart Stores, Inc. in state court for injuries arising from a slip-and-fall incident. Wal-Mart removed on the basis of diversity. Wal-Mart now moves for summary judgment on the grounds that Rasbury has failed to raise a fact issue as to whether Wal-Mart had actual or constructive knowledge of the condition or that the condition posed an unreasonable risk of harm, as necessary for a premises liability claim under Texas law. Based on a careful review of the pleadings, the motion and response, the summary judgment record, and the applicable law, this court denies Wal-Mart's motion for summary judgment. The reasons are set out below.

**I.     Background**

The summary judgment evidence includes excerpts from Cheri Rasbury's deposition, (Docket Entry No. 20, Ex. B; Docket Entry No. 24, Exs. H–K); excerpts from a deposition of Ann Rasbury, a Wal-Mart employee and Cheri Rasbury's mother, (Docket Entry No. 20,

Ex. C; Docket Entry No. 24, Exs. A–G); and an affidavit from Cheri Rasbury, (Docket Entry No. 24, Ex. L).

On November 24, 2006, Ann Rasbury reported to work at a Wal-Mart store in Missouri City, Texas at 5:00 a.m. (Docket Entry No. 20, Ex. C at 39). When she arrived, she noticed that an ice machine had been leaking water onto a large carpeted area next to the machine. (Docket Entry No. 20, Ex. C at 16; Docket Entry No. 24, Ex. A at 7). The carpeted area is surrounded by a hard laminate tile surface. (Docket Entry No. 20, Ex. B at 30). When Ann Rasbury went to lunch at a fast-food restaurant located inside the Wal-Mart store between 9:00 and 10:00 a.m., she noticed that the carpet was still wet and that no orange cones or warning signs had been placed near the leaking ice machine. (Docket Entry No. 20, Ex. C at 39). Ann Rasbury testified in her deposition that she did not notice water anywhere but on the carpeted area. (Docket Entry No. 20, Ex. C at 16). Before she went to lunch, Ann Rasbury told a Wal-Mart cashier who was filling in as a door greeter that "she needed to put a cone over that water – that wet area on the carpet." (Docket Entry No. 24, Ex. D at 14).

Ann Rasbury testified that she had previously notified her manager, Teresa Solomon, "quite a few times" about the leaking ice machine and the wet carpet. She could not identify the dates she had talked to her manager about the area, stating only that "[i]t wasn't any one particular time." (Docket Entry No. 24, Ex. B at 8). Ann Rasbury testified that she had told Solomon, "'ya'll need to put some cones or something up here. Someone is going to get hurt. That is wet.'" (Docket Entry No. 24, Ex. A at 7). On previous occasions, the store had

2

placed warning signs near the ice machine, but no cones were present on the date in question. (*Id.*).

On November 26, Cheri Rasbury met her mother at the restaurant inside the Wal-Mart for lunch. She left the restaurant to take her niece to the Wal-Mart bathroom. Cheri Rasbury alleges that on her way to the bathroom, she slipped and fell on the wet area in front of the ice machine. (Docket Entry No. 20, Ex. B at 30; Docket Entry No. 24, Exs. J at 25–27, L at 1). Rasbury alleges that she slipped and fell when she stepped off the carpeted area and onto the tile surface. (Docket Entry No. 20, Exs. A at 2, B at 30, C at 6).

After discovery, Wal-Mart filed this summary judgment motion.

## II.     The Legal Standards

### A.     Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case.

*Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "'An issue is material if its resolution could affect the outcome of the action.'" *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005) (quoting *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003)). "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Quorum Health Res., L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. "[T]he nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citation omitted). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by 'only a 'scintilla' of evidence.'" *Little*, 37 F.3d at 1075 (internal citations omitted).

In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255 (citation omitted). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### B.     Premises Liability

Under Texas law, a property owner owes invitees a duty to protect them from dangerous conditions that are known or reasonably discoverable. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). A plaintiff asserting a premises liability claim must prove that: (1) the owner or occupier had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Id*. at 99. Wal-Mart has moved for summary judgment on the basis that Rasbury has failed to raise a fact issue as to the first two elements, that Wal-Mart had actual or constructive knowledge of the condition and that the condition posed an unreasonable risk of harm.

To show that a defendant had actual or constructive knowledge of a condition, a plaintiff must establish that: (1) the defendant created the condition; (2) the defendant actually knew about the condition; or (3) the condition was present long enough to give the defendant a reasonable opportunity to discover and remove it. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992); *Sturdivant v. Target Corp.*, 464 F. Supp.2d 596, 601 (N.D. Tex. 2006). To show the property owner's constructive knowledge of a hazardous condition, the plaintiff must show that the hazardous condition existed for some definite length of time. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002). Texas adopted this

"time-notice" rule because "temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id*. at 816. In *Reece*, the court held that evidence of an employee's proximity to a hazard, with no evidence indicating how long the hazard had been there, was insufficient to establish constructive notice. "An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it. Constructive notice demands a more extensive inquiry. Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id.* The court emphasized that proximity evidence can be an important factor. If the evidence shows that a dangerous condition was conspicuous, an employee's proximity to the condition may shorten the time required to show that the premises owner should reasonably have discovered the condition.

To show that a condition presented an unreasonable risk of harm, a plaintiff must establish "a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *See Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970). Foreseeability does not demand that "the exact sequence of events that produced an injury be foreseeable." Rather, the general damage must be foreseeable. *See County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002).

**III.   Analysis**

### A. Actual or Constructive Knowledge of the Condition

Wal-Mart cites *Biermeret v. University of Texas System*, No. 2-06-240-CV, 2007 WL 2285482 (Tex. App. Aug. 9, 2007), as support for the proposition that it did not have actual or constructive notice of the water leaking from the ice machine, making the area in front wet and slippery. (Docket Entry No. 20 at 5). In *Biermeret*, the plaintiff used the defendant's shower facilities before swimming and slipped as he stepped off a mat and onto a tile floor while walking from the shower facilities to the pool. *See Biermeret*, 2007 WL 2285482, at *6. The defendants knew that the tile floor in the shower area "routinely became wet and slick" and that another patron had previously slipped and fallen in the area outside the shower facilities. *Id.* The court dismissed the suit because there was no evidence that the defendant "possessed actual or constructive knowledge not just that the tile floor in the shower area was prone to become wet and slick, but that on the date in question it actually had become wet and slick prior to Biermeret's fall." *Id.*

The *Biermeret* court relied on a Texas Supreme Court case, *Brookshire Grocery Co. v. Taylor,* 222 S.W.3d 406, 409 (Tex. 2006), which held a convenience store was not liable to a customer for the injuries she received from slipping on a partially melted ice cube on a tile floor in front of a self-service soft-drink dispenser. In that case, there was evidence that ice fell to the floor from the soft-drink dispenser on a daily basis, that users were prone to spill ice, and that ice on the floor was a hazard to customers and had to be cleaned up regularly. *Id.* at 409. There were three mats around the front of the dispenser, but they did not completely cover the tile floor, and the plaintiff slipped where the floor was bare. A store

employee admitted that more mats could have been used and warning signs posted. The Texas Supreme Court found that the ice cube on which the plaintiff slipped constituted an unreasonably dangerous condition, but that the plaintiff had failed to present evidence that the store personnel had actual or constructive knowledge that the particular ice cube on which the plaintiff slipped was on the floor. *Id.*

Unlike the defendants in *Biermeret* and *Brookshire Grocery*, the plaintiff in this case does not simply rely on evidence that the premises personnel knew that area around the ice machine was prone to becoming wet as opposed to evidence that they knew that the area was wet shortly before the plaintiff slipped and fell. The evidence showed Wal-Mart had actual knowledge that the ice machine was leaking on the morning when the accident occurred and that the area in front of the machine was wet. (Docket Entry No. 24, Ex. D at 14). Before she went to lunch, Ann Rasbury told a Wal-Mart cashier who was filling in as a door-greeter that a cone needed to be put over the wet area. (Docket Entry No. 24, Ex. D at 14).

Wal-Mart also argues that the evidence shows that it only had notice that the carpet was wet, not that the tile surface adjacent to the carpet was wet. (Docket Entry No. 20 at 6). Cheri Rasbury does not allege that she fell because the ice machine had leaked so much water that it had created a puddle on the tile surface itself. She alleges that she slipped and fell when she stepped off the wet carpeted area and onto the tile surface, which was slippery as a result of the wet carpet. Wal-Mart's actual notice of the wet carpet provided at least constructive knowledge that the tile area next to the carpet would be slippery. *See City of San Antonio v. Rodriguez,* 931 S.W.2d 535, 536–37 (Tex. 1996) (finding that the jury could

infer the defendant's constructive knowledge of a wet area on the floor of a recreation center because the defendant had actual knowledge of both a leak in the roof and recent rainfall); *City of Austin v. Leggett*, No. 03-07-00345-CV, 2008 WL 2387328, at *11 (Tex. App. June 12, 2008) ("Although an antecedent condition or situation is not itself the unreasonably dangerous condition for purposes of premises liability, actual knowledge of an antecedent condition may, under some circumstances, help support the inference of actual or constructive knowledge of the dangerous condition.").

### B.     An Unreasonable Risk of Harm

Wal-Mart also argues that the wet carpet did not present an unreasonable risk of harm, as a matter of law. Wal-Mart cites *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752 (Tex. 1970) for the proposition that "[c]ourts have routinely held that, although a customer tripped and fell in a retail store, the object upon which the customer tripped did not constitute an unreasonable risk of harm as a matter of law." (Docket Entry No. 20 at 4). "[T]he *Seideneck* decision does not stand for the proposition that certain objects cannot be dangerous as a matter of law." *See McClure v. Rich*, 95 S.W.3d 620, 627 (citing *Reliable Consultants*, 25 S.W.3d at 342). In general, because determinations of what conditions are reasonable are highly fact-intensive, they are well suited for a jury. *See Reliable Consultants*, 25 S.W.3d at 342; *see also Nevills v. H.E. Butt Grocery Co.,* 38 S.W.3d 294, 296 (Tex. App.-Beaumont 2001, pet. denied) (reversing directed verdict for store and holding that whether a stock cart created an unreasonable risk of harm was for the jury to decide).

There is no definitive test for determining whether a specific condition presents an unreasonable risk of harm. *See Wong v. Tenet Hosps. Ltd.*, 181 S.W.3d 532, 539 (Tex. App. 2005) (citing *Seideneck*, 451 S.W.2d at 754). Wal-Mart cites *Seideneck* for the proposition that a condition does not present an unreasonable risk of harm as a matter of law if a plaintiff presents no evidence of prior accidents caused by that condition. In *Seideneck*, the plaintiff was injured when she tripped on a loop or hole in a rug while visiting the defendant's store. *See Seideneck*, 451 S.W.2d at 753. The court noted that, "[a]s might be expected with a matter involving the 'reasonable man' concept, there seems to be no definitive, objective test which may be applied to determine whether a condition presents an unreasonable risk of harm," but that "evidence of other falls attributable to the same condition, or evidence of defectiveness of the rug, floor, or other condition causing the fall would be probative, although not conclusive, on the question." *Id.* at 754 (citations omitted). In *Seideneck*, the court found that the carpet did not present an unreasonable risk of harm because:

> [t]here is no evidence in this record that during the time the rug had been on the floor anyone had previously tripped on it. There was neither an allegation nor is there evidence that the rug was defective in any manner. There is no evidence that this type of rug, with 'regular pile' and a decorative fringe of loose weave and tassels, was unusual; or that its particular construction and placement would have served as a suggestion or warning to the defendants that it presented the prohibited degree of danger, even if they had attempted a formal survey of the shop for dangerous conditions.

*Id.* at 754–55 (citations omitted).

Wal-Mart argues that, similar to the plaintiff in *Seideneck*, Rasbury has not presented evidence of prior accidents. As noted, the *Seideneck* court stated that such evidence is

10

probative but not conclusive as to whether a condition presents an unreasonable risk of harm. *Id.* at 754 (citations omitted). There is evidence in the record showing that the area in front of the ice machine was wet because of a defect – a leak – in the ice machine, that the wetness was an unusual condition, that Wal-Mart had been repeatedly warned about the hazard posed by the wet floor and as a result had placed warning signs near the ice machine on previous occasions. This evidence could support a jury finding that the wet carpet from the leaking machine could make the adjacent tile floor slippery, posing an unreasonable risk of harm. *See Odom v. Wal-Mart Stores, Inc.*, No. 93-2176, 1994 WL 442488, at *3 (5th Cir. 1994) (finding wetness from substance on floor to constitute unreasonable risk even if wetness was left after an employee had mopped); *Furr's Inc. v. Logan*, 893 S.W.2d 187, 192 (Tex. App. 1995) (leak from ice machine in store's parking lot, which froze over in cold weather, created a dangerous condition); *Albertson's, Inc. v. Mungia*, 602 S.W.2d 359, 363 (Tex. App. 1980) (finding that ice and water on floor after stocking of ice cooler was an unreasonable risk of harm).

The record does not support a finding that, as a matter of law, the floor condition was not unreasonably dangerous, precluding summary judgment.

**IV. Conclusion**

Wal-Mart's motion for summary judgment is denied.

SIGNED on July 10, 2008, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge